IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW FIELDS,<br><br>Defendant. | Case Nos.: 6:13-cr-00001 MJS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>**(ECF No. 13.)** |

Defendant's Motion to Dismiss Petition for Violation of Probation is before the Court for decision.

**I.      Procedural History**

The instant motion arises out of the following facts:

Defendant Mathew David Fields first appeared before this Court on April 1, 2013, and was arraigned on charges of being under the influence of drugs or alcohol to the extent that he may have been a danger to himself or others, disorderly conduct, simple assault, and infliction of corporal injury. (ECF No. 2.) On May 7, 2013, he entered a plea of guilty to the single charge of disorderly conduct set out in a Second Amended Criminal

1  Complaint and was sentenced to eighteen months of probation during which probation
2  period he was to complete a 52 week domestic violence course, obey all laws, report
3  any alleged violation of the law and pay a $10.00 penalty assessment. (ECF No. 5.)

4  On September 4, 2014, the Court approved a Stipulation to Extend Probation until
5  October 7, 2015 to give Defendant additional time to complete the domestic violence
6  course.[1]  (ECF no. 18.)

7  On September 17, 2015, within the extended probationary period, the government
8  filed a Statement of Alleged Probation Violation alleging that Defendant had failed to
9  comply with the terms of his probation in that he had failed to complete a 52 week
10 domestic violence report, he had failed to obey all laws, and he had failed to advise the
11 Court that he had been charged with a violation of law. (ECF No. 20.) The Statement of
12 Alleged Probation Violation was not sworn.

13 In response to the Statement of Alleged Probation Violation, the Court Ordered:
14 "Defendant shall appear at the U.S. District Court, E.D. Cal., Yosemite Division on
15 October 7, 2015 at 10:00 AM . . . " for the reasons set out in the Statement and "as
16 ordered on September 4, 2014."[2] (ECF No. 20.)

17 The Court called the case as scheduled on October 7, 2015. Defendant's
18 appointed defense counsel was present.  Defendant did not appear or otherwise contact
19 the Court.  A warrant was issued.  It was executed on Defendant on July 5, 2016.
20 Defendant was brought before the Court on July 6, 2016. Defendant denied the alleged
21 probation violations.  A further status conference was scheduled for July 20, 2016.
22 Defendant was ordered to appear personally on July 20, 2016. He did not.  Another
23 warrant was issued July 25, 2016. (ECF Nos. 9-12, 14-15.)

24 In the interim, on July 20, 2016, Defendant's counsel filed the motion to dismiss

---

[1] The Court's stated that probation was "extended one year to October 7, 2015". By the court's current calculation, the extended probationary period should have run until November 7, 2015. However, the Order specified October 7, 2015, as the end date. That specific date stated should be, and hereby is deemed to be, the controlling date.

[2] The Court is unable to find any such order to appear in the September 4, 2014 Order. The obligation for Defendant to appear is, nevertheless, clearly set forth in the September 17, 2015 Order.

which is now before the Court. (Mot. to Dismiss, ECF No. 13.) The government filed an opposition on July 27, 2016, and Defendant filed a reply to the opposition on August 2, 2016. (ECF Nos. 16-17.) The matter is deemed submitted. Local Rule 430.1.

## II.     Arguments

### A.     Defendant's Contentions

Defendant argues the Court's Order, dated September 17, 2015 (and electronically filed on September 18, 2015), to Defendant to appear on October 7, 2015, was insufficient under the law to give the Court jurisdiction over Defendant for the alleged probation violations spelled out in the unsworn Statement of Alleged Probation Violations to which it was attached. Under 18 U.S.C. 3565(c), the Court retains power to revoke probation and impose another sentence after a probationary period ends **only** if a warrant or summons, based on sworn allegation of violations, is issued before the end of the probationary period. United States v. Pocklington, 792 F.3d 1036, 1039-41 (9th Cir. 2015) (describing standard as applied to warrants).  A well-reasoned decision out of this District holds that a summons too must be backed by sworn allegations to be effective.  (United States v Herndon, 546 F. Supp. 2d 854, 857-58 (E.D. Cal. 2008)] Since no sworn warrant or summons issued on Defendant's alleged probation violations before the October 7, 2015, expiration of the probationary period, this Court lacks jurisdiction to address those alleged violations.

### B.     Government's Response

The government does not dispute that a warrant or summons based upon sworn affidavit must issue before the end of the probationary period in order to give the Court jurisdiction for alleged probation violations.  It argues, however, that probationary periods are tolled during any period in which the Defendant is a fugitive.  United States v Grant, 727 F. 3d 928, 930 (9th Cir. 2013). When Defendant Fields failed to appear on October 7, 2015, as ordered by the Court on September 17, 2015, he became a fugitive and remained in fugitive status until he was brought back before the Court on July 5, 2016. He is not entitled to any credit against his probationary period for any period of time he

was a fugitive. As of October 7, 2015, there was one day left on his probationary period. That one day did not begin to run again until Defendant was brought back before the Court on July 5, 2016. On that day, the last day of the probationary period (if Defendant is denied credit for the period of his fugitive status), the Court issued a warrant, fully compliant with 18 U.S.C. 3565(c), based upon sworn allegations he had violated the terms of his probation.

### C. Defendant's Argument in Reply

With the Sentencing Reform Act of 1984, Congress created, and intended, only one exception (imprisonment for 30 days or longer) to the requirement that probation be extended only by warrant or summons issued during the probationary period. Defendant relies heavily on United States v. Hernandez-Ferrer, 599 F. 3d 63 (1st Cir. 2010) which held that when Congress codified the "30 days in prison" exception to the code, but not prior case law allowing a similar exception for fugitive status, it did so intentionally; the Courts cannot create an equitable exception giving it jurisdiction Congress had denied it, again citing to Pocklington.[3]

### III. Issue

The parties present the Court with a single, straight-forward issue: Does the fugitive tolling doctrine apply to 18 U.S.C. 3565's requirement that a warrant or summons issue within a probationary period?

If fugitive tolling does not apply, Defendant's probationary period expired October 7, 2015, and the subsequently issued, July 5, 2016, warrant did not meet 18 U.S.C. 3565(c) criteria. If, however, tolling applies, it appears undisputed that a proper warrant issued on what then would have been the final day of the extended probationary period and, pursuant thereto, Defendant must appear before the Court on the alleged probation violations.

---

[3] Defendant acknowledges that Pocklington did not address the continued viability of the fugitive tolling doctrine. It did, however, note "tension" between the fugitive tolling doctrine and the U.S. Supreme Court's decision in Bowles v Russell, 551 U.S. 2015 (2007), and, regardless, it made clear that issuance of a warrant or summons during the probationary period was jurisdictional.

4

## IV. Analysis

In this circuit, resolution of the above issue is as simple and straight-forward as the issue: The Ninth Circuit Court of Appeals continues to apply the fugitive tolling doctrine. See United States v Grant, 727 F. 3d at 930; see also United States v. Abraham, 2016 U.S. Dist. LEXIS 113398 (E.D. Cal. Aug. 22, 2016).

Although Grant did not specifically address the 18 U.S.C. 3565(c) language at issue here, Ninth Circuit cases have upheld the doctrine in the face of essentially identical language in 18 U.S.C 3583(i) dealing with supervised release. In an unpublished decision, United States v Nuno-Garza, 365 Fed Appx. 806 (2010), the Ninth circuit rejected a claim that the fugitive tolling doctrine was rendered invalid by the statutes' omission of reference to it: "Although Nuno-Garza asserts the doctrine of fugitive tolling is invalid as a matter of law, this court has recognized the doctrine's validity on multiple occasions. [Citations]  We are bound by those decisions." Id. at 807; see also U.S. v. Ignacio Juarez, 601 F. 3d 885 (9th Cir. 2010) and United States v Ahmadzai , 723 F. 3d 1089 (9th Cir 2013).

This Court, of course, is similarly bound by those decisions.

This Court also adopts the rationale behind the doctrine as expressed in related contexts: To hold otherwise would "reward those who flee from bench warrants and maintain their fugitive status until the expiration of their original term of supervised release." U.S. v. Crane, 979 F. 2d 687, 691 (9th Cir. 1992).

## V. Findings and Conclusion

For the foregoing reasons, the Court finds that Defendant's fugitive status from October 7, 2015[4] until July 5, 2016, tolled the period of his probation so that the warrant issued by this Court on July 5, 2016, on sworn allegations of probation violations, was

---

[4] "Fugitive tolling begins when the defendant absconds from supervision . . . " U.S. v. Ignacio Juarez, 601 F. 3d at 890. The Court finds that Defendant "absconded" not later than when he failed to appear as ordered at the October 7, 2016, hearing. It might be argued that the tolling period began earlier, when, for example, Defendant failed to report his new law violation. See U.S. v. Grant, 727 F. 3d at 931-932.  But that argument is not before the Court at this time.

timely within the period specified in 18 U.S.C. 3565 (c), and the Court thus retains jurisdiction over the case and Defendant with regard to the alleged violations.

Defendant's Motion to Dismiss Petition for Violation of Probation is DENIED. Defendant, having failed to appear at the July 20, 2016, hearing in this matter and a new warrant having been issued on or about July 25, 2016, is to be taken into custody on the July 5, 2015 probation violation warrant and the July 20, 2016 failure to appear warrant, and forthwith brought personally before this Court to answer for the same.

IT IS SO ORDERED.

Dated:    November 8, 2016            /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE